## Rebecca Monaghan v. Joseph A. McKimmie.

*Transcripts of justice's judgments: Affidavit of ·amount due: Execution sales.*
An affidavit of amount due is requisite to authorize the clerk of the circuit court to enter and docket a transcript of a justice's judgment; and a sale of lands upon an execution issued out of the circuit court upon such a judgment is invalid in the absence of such affidavit.

*Evidence: Affidavit of amount due: Secondary evidence.* Where no showing has been made that such affidavit had been searched for, or was lost or destroyed, the admission of evidence by the deputy clerk that an affidavit of amount due was brought to the office after·the transcript of the judgment was left, and that he filed it, but the contents of which he was unable to tell, or who made it, or the title of the case in which it was used, in the absence of any showing what amount the affidavit stated to be due, or whether. it stated any specific amount, is held erroneous and incompetent as proof of the filing of the requisite affidavit.

*Practice: Assignment of error.* Where in ejectment the plaintiff claimed title through such an execution sale and there was no other showing than by such evidence of the filing of an affidavit of the amount due, and on the cause being brought up for review on writ of error, the only assignment of. error was, that the court erred in requiring the jury to find for defendant, the judgment below was affirmed.

*Submitted on briefs April 22.    Decided April 27.*

Error to Wayne Circuit.

*Atkinson, Hawley & Atkinson,* for plaintiff in error.

*Kane & Hibbard,* for defendant in error.

GRAVES, CH. J:

The plaintiff in error brought ejectment against the defendant in error, for a lot in Detroit. The issue was tried by jury, who found for defendant by direction of the court, and we are asked to review the proceedings on writ of error and bill of exceptions. The bill of exceptions contains some oral evidence and numerous pieces of documentary proof. Several points are stated in the brief; but the only assignment of error is, that the court erred in requiring the jury to find for defendant. The record does not purport to contain all the evidence, and the assignment of error hardly indicates any special ground of objection.

It seems that the plaintiff in error claimed to recover as widow of one Nicholas Monaghan, who, as she testified, died in 1873, without issue; and she based her right upon an execution sale to her husband in 1872, upon an execution issued out of the circuit court on a judgment there entered upon the transcript of a justice's judgment, and which purported to have been rendered in favor of her husband in 1871, against Joseph A. MacCimmie.

In the notice of sale the defendant in execution was described as Joseph A. MacCunnie. In the other papers the name given was Joseph A. MacCimmie.

The sheriff's deed bore date in 1874, and ran to James Monaghan, administrator of the estate of Nicholas Monaghan deceased.

The files and docket entries in the clerk's office relating to the case were produced, but they did not disclose that any affidavit of amount due, required by § 5383, Comp. L., was ever filed or indeed made, but the gentleman who officiated in 1872 as deputy clerk was produced as a witness, and, without any showing whatever that the affidavit had been searched for or was lost or destroyed, was allowed to swear that an affidavit of amount due was brought to the office after the transcript was left, and that he filed it. He could not tell what it contained, or who made it, or the title of the case in which it was used, and no attempt was made to show what amount the affidavit stated to be due, or whether it stated any specific amount.

There was no other evidence to this point, and this the defendant objected to and afterwards moved to strike out.

This proof was plainly incompetent, and the objection to it must be allowed on this hearing where the plaintiff undertakes to show that she made a case entitling her to recover.

The affidavit in question is required to authorize the clerk to enter and docket the judgment, and it was essential to show by some mode of legal evidence that the statute was complied with, in substance at least; and this was not done. There are some other serious difficulties in the record, but

32 MICH.—6.

the case is not very well shaped to favor an examination of them, and the point noticed is sufficient to decide the cause.

The judgment should be affirmed, with costs.

The other Justices concurred.